Date signed August 11, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| In Re: | * |
| Titiloye A. Okupe, | *   Case No.   05-12022PM |
| | *   Chapter   13 |
| | * |
| Debtor, | * |
| ************************************* | * |
| Chelsea Woods Condominium, | * |
| | * |
| | * |
| Movant, | * |
| vs. | * |
| Titiloye A. Okupe, | * |
| | * |
| | * |
| Respondent. | * |

### MEMORANDUM OF DECISION

     Before the court is a motion filed on behalf of Chelsea Woods Condominium for an order terminating the automatic stay or, in the alternative, for annulment of the stay, so as to enable the moving party to proceed with the consummation of a foreclosure sale commenced at 10:10 a.m. on February 1, 2005, and concluded at 10:25 a.m.  This bankruptcy case under chapter 13 of the Bankruptcy Code was filed that same day at 10:39 a.m.  There are two issues raised in this proceeding.  First, whether the foreclosure sale took place prior to the auction sale and, second,

whether the filing of the petition in the name of the debtor by the debtor's fiancee, Elvis Abedoyia, accomplished a valid filing of a bankruptcy case so as to cause the implementation of the automatic stay of 11 U.S.C. § 362(a).  The debtor's counsel argues that Mr. Abedoyia had an oral power of attorney.  However, the petition and schedules in this case were filed ostensibly with the signature of the debtor with an unsworn declaration filed pursuant to 28 U.S.C. § 1746.  The debtor was in Nigeria at the time, and it is undisputed that Mr. Abedoyia signed her name to the petition and schedules.  The papers were not signed by him as attorney-in-fact.

First, the court finds as a fact that the foreclosure sale was consummated prior to the filing of the Mr. Abedoyia-signed petition at 10:39 a.m. on February 1, 2005.  The court finds the testimony of Keith Litchauer fully credible, namely that the sale commenced at 10:05 a.m. and was concluded at 10:20 a.m.  This testimony was corroborated by the testimony of Dawn Croft, the condominium manager, who arrived tardily in the courthouse vicinity at or around 10:20 a.m., ran to where the sale was to be conducted and saw that it had concluded.  The court does not find the testimony of Mr. Abedoyia credible to the effect that he filed the bankruptcy case and arrived at the place of the sale prior to the consummation of the foreclosure.

As to foreclosure sales, numerous cases in this District stand for the proposition that the debtor's equity of redemption of an interest in land ceases to exist upon the fall of the auctioneer's hammer.  See generally, In re Denny, 242 B.R. 593, 597-98 (BC Md. 1999); In re De Souza, 135 B.R. 793 (BC Md. 1991);  In re Edwards, 62 B.R. 609 (BC Md. 1986); Union Trust Co. v. Biggs, 137 A. 509, 512 (Md. 1927); Four Star Enterprises Ltd. P'ship v. Counsel of Unit Owners of Carousel Center Condo., Inc., 752 A.2d 1272, 1284 (Md. App. 2000); cf., Colon v. Option One Mortgage Corp., 319 F.3d 912 (CA7 2003) (applying similar Illinois law).  Inasmuch as the debtor no longer holds either equitable or legal title to the subject property, cause exists for relief from the automatic stay.

Even were the paper filed by Mr. Abedoyia timely, the court finds it ineffective to cause the implementation of the automatic stay.  The court first finds that the concept of an oral power of attorney arose long after the telephone call from the debtor to Mr. Abedoyia to tell him to file the bankruptcy petition.  She may have authorized the filing of the case but the court cannot find anything here that rose to the creation of an oral power of attorney, if such a creature ever existed.  For the purposes of this case only, the court will assume that a bankruptcy case can be

instituted by the filing of a petition signed by an individual holding a power of attorney.  But see, In re Smith, 115 B.R. 84 (BC E.D. Va. 1990) (court-appointed guardianship required); In re Harrison, 158 B.R. 246 (BC M.D. Fla. 1993) (document purportedly signed and verified by the debtor, but held a nullity as no one can grant authority to verify under oath the truthfulness statements contained in documents).  While authority exists for the commencement of a bankruptcy case under a power of attorney, see In re Hurt, 234 B.R. 1, 2-3 (BC NH 1999), the following items are required:

    (1)    A copy of the power of attorney must be filed with the petition;

    (2)    The copy filed must be a true copy; and

    (3)    The filing of the bankruptcy case by the attorney-in-fact is within the authority granted under the power of attorney for the execution of the petition and does not constitute the practice of law.

See In re Eicholz, 310 B.R. 203 (W.D. Wash. 2004) (adopting a restrictive approach to what is required).  In any event, under Maryland law, a written document is required to appoint another as an attorney-in-fact.  King v. Bankerd, 492 A.2d 608, 611 (Md. 1985).  The opinion of Strawn v. Jones, 285 A.2d 659 (Md. 1972), strongly relied upon by the debtor, is inapplicable as that case involved an actual written power of attorney and the issue was whether the agent had the authority to do certain acts under that power of attorney.  That a power of attorney be in writing is critical.  As Chief Judge Murphy observed for the Court of Appeals in Kline v. Weiss, 395 A.2d 126, 140 (Md. App. 1978), powers of attorney are strictly construed and are held to grant only those powers that are clearly delineated.

    An appropriate order will be entered.

cc:    Titiloye A. Okupe
       8473 Greenbelt Road, #102
       Greenbelt, MD 20770

       John Douglas Burns
       6303 Ivy Lane, Ste. 102
       Greenbelt, MD 20770

Nancy L Spencer Grigsby
P.O. Box 958
Bowie, MD 20718

**END OF MEMORANDUM DECISION**